**Mary E. RICHARDSON, Plaintiff,**

v.

**UNION OIL COMPANY OF CALIFORNIA, Defendant.**

**Civil Action No. 94-98 (GK).**

United States District Court, District of Columbia.

Aug. 9, 1996.

Randell Charles Ogg, Charles B. Day, Sherman, Meehan & Curtin, Washington, DC, Rina Marian Goodman, Speiser, Krause,

Madole & Lear, Rosslyn, VA, for William P. Richardson and Mary Elizabeth Richardson.

Kevin John McCarthy, McCarthy, Bacon & Costello, Lanham, MD, for Electronic Media Equipment Company, Inc.

W. Kyle Carpenter, Woolf, McClane, Bright, Allen & Carpenter, Knoxville, TN, for Ashland Oil, Inc.

Diane Virginia D'Aiutolo, Tydings & Rosenberg, L.L.P., Baltimore, MD, Warren Neil Eggleston, Howrey & Simon, Washington, DC, W. Kyle Carpenter, Woolf, McClane, Bright, Allen & Carpenter, Knoxville, TN, Rina Marian Goodman, Speiser, Krause, Madole & Lear, Rosslyn, VA for Union Oil Co. of California.

### MEMORANDUM—OPINION AND ORDER

KESSLER, District Judge.

This matter comes before the Court on Defendant's Motion for Clarification and Reconsideration of this Court's Opinion and Order of May 17, 1996, 167 F.R.D. 1. In that Opinion and Order, the Court found, by clear and convincing evidence, that Defendant had engaged in serious misconduct during the discovery process which included document alteration, obstruction of discovery, and misrepresentations to the Court.

■ Defendant, a large corporation with substantial resources, has now filed through new "specially retained counsel"—as differentiated from its in-house corporate counsel and its outside trial counsel—a lengthy Memorandum of Points and Authorities in support of its Motion to try and convince the Court that it should change its view of the factual situation, and either withdraw the sanctions imposed or substantially modify them. After carefully reading Defendant's 43 page opening Memorandum as well as its 19 page Reply, the Court finds no reason to alter its original findings. Documents *were* altered, discovery *was* thwarted, files and locations were *not* adequately searched, and inaccurate representations *were* made to the Court.

Much of Unocal's brief is an acknowledgment of these errors, misjudgments, and omissions made by its paralegal and corporate legal staff (with some blame now passed on to outside trial counsel).[1] The thrust of Unocal's argument seems to be that, while all these things did indeed happen during the discovery process, none of it was done in bad faith or with the intention to injure Plaintiff's case.

Even if the Court were to accept that interpretation, it would make no difference. The fact of the matter is that the misconduct occurred and that Unocal lawyers and paralegals were responsible for it. Moreover, in fashioning an appropriate remedy and denying Plaintiff's request for entry of a default judgment the Court took into consideration (see Order p. 5), the fact that Plaintiff's ability to present her full case to the jury was not compromised.

Defendant argues vigorously that the issue preclusion sanction the Court did fashion amounts, in effect, to the entry of a default judgment and suggests, as an alternative, that the Court should manufacture a stipulation, literally out of whole cloth, that the Lactol Spirits at the Beaumont plant contained 6300 ppm benzene. Apart from the fact that such a stipulation would have to be imposed on Plaintiff who has evinced no interest in agreeing to it (and who committed no wrongdoing), the Court has no idea what the scientific and evidentiary ramifications would be of such a stipulation.

More to the point, the sanction ordered does not in fact preclude Defendant from presenting other defenses. Unocal retains the right to present both the affirmative defenses and the basic liability arguments that it has specified in Defenses (a)–(k) of the Joint Pretrial Statement. To the extent that expert witnesses who have been retained may no longer be relevant or may have to reformulate their testimony, that is the price Defendant must pay for its misconduct.[2]

■ The Court has reconsidered that provision of its May 17, 1996 Order allowing Plaintiff to present evidence at trial regarding the discovery misconduct, and has concluded that not only would it serve no remedial purpose but that it has the potential for creating a distracting and confusing side-issue which would only divert the jury from its main task.[3] Consequently, that paragraph of the May 17, 1996 Order will be vacated.

Wherefore, it is this 9th day of August, 1996 hereby

ORDERED, that Defendant's Motion for Clarification and Reconsideration of this Court's Opinion and Order of May 17, 1996 is **granted** in part and **denied** in part in that

a. the sanction contained in the May 17, 1996 Order permitting Plaintiff to "present evidence regarding document alteration and misrepresentations to the Court on the issue of the benzene content of the lactol spirits and xylene contained in the Red Stuff used by Mr. William Richardson in his employment at the Voice of America, and such evidence may also relate to the disciplining of the paralegal involved" is vacated; and

b. the request to vacate the issue preclusion sanction in its entirety is denied; and

c. the request to clarify the scope of the issue preclusion sanction is granted: Unocal will be precluded from presenting any evidence or argument on Defense (e); and only

---

1. Unocal's papers also contain the suggestion that some of the fault is Plaintiff's because she did not specify that she wanted documents from the Beaumont refinery. It ill behooves Unocal to assign Plaintiff any blame in this matter, but it is particularly inappropriate when, as here, it is primarily through the good faith operation of the discovery process that a plaintiff obtains knowledge about different refineries and their output.

2. It should be remembered that the Court of Appeals, in *Shepherd v. American Broadcasting Companies, Inc.,* 62 F.3d 1469, 1476–77 (D.C.Cir. 1995), noted that in addition to being remedial, sanctions serve both punitive and deterrent functions.

3. Allowing presentation of such evidence would also almost certainly require the testimony of various counsel on both sides.

Defense (e), contained in its Joint Pretrial Statement.[4]

---

**4.** The Court recognizes that confusion could have flowed from the language used on p. 5 of its Opinion, which limited preclusion to evidence or argument regarding benzene levels in the lactol spirits or xylene produced at Unocal's Beaumont refinery, and language used on p. 6 of its Opinion which allowed far broader preclusion of evidence or argument regarding benzene levels in the lactol spirits and xylene contained in the Red Stuff used by Mr. Richardson in his employment at Voice of America. The misconduct at issue in this case related to production of data from the Beaumont refinery. The sanction must be tailored to that misconduct. Therefore, although the Ordering paragraph of the Court's Opinion was overly broad, the language contained on page 5 of that Opinion, was specifically tied to the lactol spirits and xylene produced at the Beaumont refinery and was designed to narrowly and precisely address the exact nature of the misconduct being sanctioned.